UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SANTOS A. LIMA-FLORES | Case No. 2:21-cv-01141-MC |
| Plaintiff, | ORDER |
| v. | |
| MR. UNDERHILL, RN; MR. E. SHAW, Nurse Mgr.; DOROTHY WETTLAUFER, RN; DR. BEAMER; J. BUGHER, Asst. Dir. HS; ELLEN MARIE SUNDSTROM, RN; MS. SAHYAT, RN; MR. MANEY, AGNP; A. JEMMET, RN; MS. C. SCOTT; J. ONJA; J. QUICK; JANE/JOHN DOES 1-5, | |
| Defendants. | |

MCSHANE, District Judge.

Plaintiff, an inmate at the Two Rivers Correctional Institution, files suit pursuant to 42 U.S.C. § 1983 and alleges deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Plaintiff's Complaint fails to state a viable claim for relief, and he must amend his allegations for this case to proceed.

1   - ORDER

Federal law authorizes federal courts to review cases filed in forma pauperis to determine if a claim is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Here, I find plaintiff's Complaint deficient in several respects.

Prison officials and medical providers violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A prison official acts with 'deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference to an inmate's serious medical needs may be manifested by denying, delaying, or interfering with medical treatment or by the manner in which prison officials and physicians provide medical care. *Gamble*, 429 U.S. at 104-05. In any case, the indifference to the inmate's medical needs must be substantial; inadequate treatment due to negligence, inadvertence, or differences in judgment between inmates and medical personnel do not rise to the level of a constitutional violation. *Id.* at 105-06; *Toguchi*, 391 F.3d at 1057.

2   - ORDER

Plaintiff alleges that in August 2019, he reported an instance of bloody stool to Nurse Underhill, who allegedly told plaintiff it was "no big deal." Compl. ¶ 16. In response to a grievance filed by plaintiff, Nurse Manager Shaw informed plaintiff, "You have a diagnosis of hemorrhoids and a small amount of blood with your bowel movements is not unusual." *Id.* ¶ 18. Plaintiff further alleges that Dr. Beamer, at some unspecified time, told plaintiff that he would prescribe medication for plaintiff's symptoms, and no medication was ever provided. *Id.* ¶ 19. Finally, plaintiff alleges that he requested medical treatment at various times between April 2020 and July 2021. In response, defendant Maney prescribed medication that did not alleviate plaintiff's symptoms. *Id.* at ¶¶ 24-28. Plaintiff alleges that he was not provided effective treatment until August 2021. *Id.* ¶ 29.

These allegations do not plausibly suggest that any named defendant consciously and deliberately disregarded a known risk to plaintiff's health. Instead, plaintiff essentially alleges negligence – that medical providers breached the duty of care owed to plaintiff. It is well established that negligence cannot sustain a claim of deliberate indifference. *See Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Toguchi*, 391 F.3d at 1057 ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."). In short, plaintiff does not allege the culpable mental state necessary to sustain a claim of deliberate indifference.

Further, plaintiff brings claims against several defendants based on their supervisory roles or their involvement in the grievance process, including defendants Shaw, Wettlaufer, and Bugher, and plaintiff asserts no factual allegations involving defendants Sundstrom, Sahyat, Jemmet, Scott, Onja, or Quick. Plaintiff is advised that liability under § 1983 arises upon a

showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must allege that each named defendant, through his or her own individual actions, violated plaintiff's constitutional rights.

At this stage, I cannot find that amendment would be futile, and plaintiff is afforded the opportunity to amend his allegations. Plaintiff's amended complaint must include: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct.

## CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and his claims are DISMISSED. Within thirty days from the date of this Order, plaintiff may file an amended complaint curing the deficiencies noted above. Plaintiff is advised that the failure to do so will result in the dismissal of this action, with prejudice.

IT IS SO ORDERED.

DATED this 8th day of October, 2021.

                                               s/ Michael J. McShane
                                               MICHAEL J. MCSHANE
                                               United States District Judge