UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SANTOS A. LIMA-FLORES                                          Case No. 2:21-cv-01141-MC

          Plaintiff,                                                                    ORDER

      v.

MR. UNDERHILL, RN; MR. E. SHAW,
Nurse Mgr.; DOROTHY WETTLAUFER,
RN; DR. BEAMER; J. BUGHER, Asst. Dir.
HS; ELLEN MARIE SUNDSTROM, RN;
MS. SAHYAT, RN; MR. MANEY, AGNP;
A. JEMMET, RN; MS. C. SCOTT; J. ONJA;
J. QUICK; JANE/JOHN DOES 1-5,

          Defendants.
_____

MCSHANE, District Judge.

       Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed suit

pursuant to 42 U.S.C. § 1983 and alleged that defendants exhibited deliberate indifference to his

serious medical needs in violation of the Eighth Amendment. Plaintiff's Complaint failed to state

viable claims for relief, and he was allowed the opportunity to amend his allegations. Plaintiff

filed a timely Amended Complaint and again asserts claims of deliberate indifference.

1   - ORDER

Plaintiff's original Complaint failed to allege sufficient facts suggesting that the defendants possessed the culpable mental state necessary to sustain a claim under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 837, 843 (1994) (holding that an Eighth Amendment claim requires a subjective showing that the defendant was aware of the risk to the inmate's health or safety and deliberately disregarded that risk). Plaintiff's Amended Complaint fails to cure this deficiency.

To state a § 1983 claim for damages based on inadequate medical care, a plaintiff must allege facts plausibly suggesting that the defendants exhibited deliberate indifference towards a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A prison official acts with 'deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Further, liability under § 1983 arises upon a showing of personal participation, and a plaintiff must allege that each named defendant, through his or her own individual actions, caused the violation of plaintiff's constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation [under § 1983] must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

Plaintiff's allegations arise from allegedly inadequate medical care he received at Eastern Oregon Correctional Institution (EOCI) and Two Rivers Correctional Institution (TRCI). While at EOCI, plaintiff alleges that on August 5, 2019, Nurse Underhill disrespected him and made light of his symptoms when plaintiff reported an instance of bloody stool. Am. Compl. ¶ 16. Plaintiff also alleges that when he was first transferred to EOCI, Dr. Beamer told him medication

would be prescribed, but plaintiff did not receive any medication for his symptoms. *Id.* ¶ 19. As plaintiff was advised previously, these allegations imply a tort claim of negligence rather than a federal § 1983 claim of deliberate indifference. *Toguchi*, 391 F.3d at 1057. The sole cause of action under Oregon law for any tort of ODOC officers or employees acting within the scope of their employment or duties is an action in state court against ODOC under the Oregon Tort Claims Act. Or. Rev. Stat. § 30.265(1).

Plaintiff's claims against defendants Shaw, Wettlaufer, and Bugher arise from the response to plaintiff's grievance about Nurse Underhill's conduct and his appeals of that response. However, responses to plaintiff's grievance and grievance appeals cannot sustain a claim of deliberate indifference in these circumstances. *See Mack v. Aranas*, 2021 WL 1535331, at *3 (D. Nev. Apr. 16, 2021) ("merely denying a grievance without some decision-making authority or ability to resolve the underlying issue grieved is not enough to establish personal participation").

Plaintiff also alleges that he continued to request medical attention after he was transferred from EOCI to TRCI. Am. Compl. ¶ 24. Plaintiff alleges only that Nurse Maney prescribed medication that failed to alleviate his symptoms and he asserts no allegations against defendants Sundstrom, Sahyat, Jemmet, Scott, Onja, or Quick aside from the conclusory assertion that they failed to diagnose and treat his condition. *Id.* ¶¶ 25, 26-29. Plaintiff's Amended Complaint does not allege facts suggesting that each of these defendants deliberately disregarded a substantial risk to his health.

Plaintiff is afforded one last opportunity to amend his allegations if he intends to pursue this federal action. With respect to each defendant, plaintiff must allege: (1) the name of the person who violated his constitutional rights; (2) exactly what the individual did or failed to do;

(3) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (4) what specific injury plaintiff suffered because of the individual's conduct.

<u>CONCLUSION</u>

Plaintiff's Amended Complaint fails to cure the deficiencies of his claims. Within thirty days from the date of this Order, plaintiff may file a second amended complaint as directed above. Plaintiff is advised that the failure to do so will result in dismissal of this proceeding. IT IS SO ORDERED.

DATED this 19th day of January, 2022.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge

4    - ORDER