UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SANTOS A. LIMA-FLORES                              Case No. 2:21-cv-01141-MC

       Plaintiff,                                        ORDER

    v.

("First Name Unknown", FNU) MR.
UNDERHILL, RN; (FNU) DR. BEAMER;
(FNU) MR. MANEY, AGNP; (FNU) A.
JEMMETT, RN.,

       Defendants.
_____

MCSHANE, District Judge.

     Plaintiff, an adult in custody of the Oregon Department of Corrections (ODOC), filed suit

pursuant to 42 U.S.C. § 1983 and alleged that defendants exhibited deliberate indifference to his

serious medical needs in violation of the Eighth Amendment. Plaintiff's initial and amended

complaints failed to state viable claims for relief, and he was allowed a final opportunity to

amend his allegations. Plaintiff's Second Amended Complaint likewise fails to cure the

deficiencies of his Eighth Amendment claims, and this action is DISMISSED.

1   - ORDER

To state a § 1983 claim based on inadequate medical care, plaintiff must allege facts plausibly suggesting that defendants exhibited deliberate indifference towards a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A prison official acts with 'deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference to an inmate's serious medical needs may be manifested when prison officials deny, delay, or intentionally interfere with medical treatment or by the manner in which prison officials provide medical care. *Gamble*, 429 U.S. at 104-05; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). In any case, the indifference to the inmate's medical needs must be substantial; inadequate treatment due to negligence, inadvertence, or differences in judgment between inmates and medical personnel do not rise to the level of a constitutional violation. *Gamble*, 429 U.S. at 105-06; *Toguchi*, 391 F.3d at 1057.

Plaintiff alleges that on August 5, 2019, Nurse Underhill disrespected him and made light of his symptoms when plaintiff reported an instance of bloody stool. Sec. Am. Compl. ¶ 8 (ECF No. 17). Plaintiff also alleges that Dr. Beamer told him medication would be prescribed, but plaintiff did not receive any medication for his symptoms. *Id.* ¶ 11. Plaintiff similarly alleges that Nurses Maney and Jemmett failed to diagnose or provide adequate treatment for his ongoing symptoms of bloody stools, pain, and incontinence. *Id.* ¶¶ 17, 23, 38, 41-47.

However, the documents attached to plaintiff's Second Amended Complaint reflect that ODOC providers responded to plaintiff's complaints, provided medical treatment on many occasions, and ultimately assigned a live-in orderly. *See* Exhibits attached to Sec. Am. Compl. (ECF No. 17 at 31-63). As plaintiff was advised previously, his allegations suggest negligent medical treatment and negligence does not establish deliberate indifference under the Eighth

2    - ORDER

Amendment. *Toguchi*, 391 F.3d at 1057 ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."). To sustain a § 1983 claim, plaintiff must allege facts suggesting that defendants knowingly and deliberately disregarded a serious risk to his health. *See id.* Given that ODOC medical providers responded to plaintiff's complaints and attempted to provide treatment for his symptoms, plaintiff does not allege the necessary culpable state of mind to support claims for deliberate indifference.

<u>CONCLUSION</u>

Plaintiff's Second Amended Complaint fails to cure the deficiencies of his Eighth Amendment claims, and this action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 29th day of September, 2022.

<u>s/ Michael J. McShane</u>
MICHAEL J. MCSHANE
United States District Judge